IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER A. TAYLOR,

    Petitioner,                    No. CIV-S-04-0981 LKK KJM P

    vs.

TOM L. CAREY,

    Respondent.                ORDER

                            /

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the fact that he has been denied parole.

        On December 26, 2006, plaintiff filed a "Motion for Discovery. . . ." First, petitioner asks for permission to conduct discovery concerning evidence to support plaintiff's claim that the Board of Prison Terms (BPT) has a policy of denying parole to all persons serving indeterminate sentences. However, petitioner fails to set forth which documents he would seek, which interrogatories he might ask and to whom they would be directed or whom plaintiff might depose and why.[1] In short, plaintiff's request is vague and will be denied.

---

[1] Under Rule 6 of the Rules Governing § 2254 cases, a judge may authorize discovery upon a showing of good cause. Also, the person requesting discovery must provide the court

1

1   Petitioner also asks that the court permit him to discover "information regarding
2 the board's backlog hearings." Mot. at 3:11-21. However, petitioner fails to present anything
3 suggesting that information regarding the BPT's backlog would help his case in any way. This
4 request will be denied.

5   Petitioner asks that the court strike portions of respondent's answer in which
6 respondent refers to petitioner as a "convicted murderer." Mot. at 3:11-21. Petitioner does not
7 point to where respondent makes this assertion, nor does he suggest how this hurts his case. In
8 addressing the merits of petitioner's habeas petition the court will review petitioner's convictions
9 without reference to the manner in which respondent characterizes those convictions. This
10 request will be denied.

11   Petitioner asks that the court take judicial notice of petitioner's most recent
12 "psych" report. Mot. at 4:5-10. The court will not take judicial notice of the report, but will
13 consider the report in conjunction with the merits of petitioner's application for writ of habeas
14 corpus to the extent it is relevant to the claims presented therein.

15   Finally, petitioner asks that the court take judicial notice of the fact that his most
16 recent parole hearing has been delayed. However, petitioner fails to suggest how this fact is
17 relevant to the case at hand. This request will be denied.

18   For all of the foregoing reasons, plaintiff's December 26, 2006 "Motion for
19 Discovery. . . ." will be denied in its entirety.

20   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
21 December 26, 2006 "Motion for Discovery. . . ." is denied.

22 DATED: August 22, 2007.

U.S. MAGISTRATE JUDGE

1 tayl0981.dis

---

26 with the proposed discovery requests.